<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| STEVEN THEDFORD, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 07-1407 (GEB) |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | **MEMORANDUM OPINION** |
| | : | |
| Defendant. | : | |
| | : | |

<u>**BROWN, Chief District Judge**</u>

      This matter comes before the Court upon the motion of Plaintiff Stephen Thedford ("Thedford") for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) [Docket # 15]. Defendant the Commissioner of Social Security ("Commissioner") objects to Thedford's fee request, and argues that an award of fees is inappropriate in this case because: (1) the Commissioner's position was substantially justified; and (2) this case presents special circumstances. (Opp'n Br.) [# 16] The Court has considered the parties' submissions and has decided the present motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons noted below, the Court will grant Thedford's motion for attorney's fees.

**I.    BACKGROUND**

      On March 27, 2007, Mr. Thedford filed the complaint in this case and argued that the Commissioner erred in denying his claim for benefits under the Social Security Act. (Compl.) [#1] The Commissioner answered Thedford's complaint on January 30, 2008, and has at all times asserted that the denial of Thedford's claim for benefits was proper. (Answer.) [#6] On

December 19, 2008, this Court reversed the Commissioner's denial of Thedford's claim for benefits and remanded the case for further administrative proceedings. (GEB Mem. Op. & Order 12/19/08.) [# 13, 14]  In doing so, the Court opined that the Commissioner's denial of Thedford's claim for benefits was not supported by substantial evidence as the hypothetical question posed to the Vocational Expert by the Administrative Law Judge at Thedford's administrative hearing was flawed as a matter of law. (*Id.*)  The Court declined to reach the merits of Thedford's alternate grounds for relief, as the Court concluded that the ALJ's flawed hypothetical question necessitated remand of the case. (*Id.*)

Thedford now seeks attorney's fees and costs pursuant to 28 U.S.C. § 2412(d). (Pl.'s Mot. Br.) [# 15]  Thedford argues that, as the prevailing party, he is clearly entitled to such an award. (Pl.'s Mot. Br.) [# 15]  The Commissioner opposes Thedford's fee request on the following two grounds: (1) the Commissioner's denial of Thedford's benefits claim was substantially justified; and (2) the presence of special circumstances in this case that militate against a fee award. (Opp'n Br.) [# 16]  The Court finds both of the Commissioner's arguments unavailing.  As such, Thedford's motion for attorney's fees will be granted.

**II.     DISCUSSION**

Thedford seeks $6,864.00 in attorney's fees. (Pl.'s Aff. at 2.) [# 15]  This is the sum of 39 hours at the rate of $176.00 per hour. (*Id.*)  Thedford also seeks a cost award of $350.00. (*Id.*)  While the Commissioner argues that an award of fees generally is inappropriate in this case, the Commissioner does not contest the reasonableness of these fee calculations submitted by Thedford. (Opp'n Br.) [# 16]

A plaintiff requesting attorney fees bears the burden of proving that the requested fees are

reasonable. *Hensley v. Eckerhart*, 416 U.S. at 437. That burden is met by the plaintiff's production of evidence of the reasonableness of the hours and hourly rate claimed. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)  If the plaintiff meets this burden, the adverse party bears the burden of challenging the "reasonableness of the requested fee." (*Id.*)  When deciding whether a requested fee is reasonable, the Court should consider only the factors raised by the adverse party. (*Id.*)  Despite this limitation, "the district court has a great deal of discretion to adjust the fee award" based upon the objections of the adverse party. (*Id.*)

      The Court concludes that Thedford has met his initial burdens of persuasion and production regarding the reasonableness of the fee award he seeks. Therefore, the Commissioner bears the burden of challenging the reasonableness of Thedford's fee request. In this case, the Commissioner opposes any fee award on the following grounds: (1) the Commissioner asserts that the denial of Thedford's claim for benefits was substantially justified; (2) the Commissioner argues that this case presents special circumstances that render a fee award inappropriate. (Opp'n Br.) [# 16]  With regard to the second contention, the Commissioner specifically argues that the grounds upon which the Court reversed the denial of Thedford's benefits were raised by the Court *nostra sponte*. (Opp'n Br. at 2.) [# 16]  Therefore, the Commissioner asserts a fee award to Thedford would be inequitable. (*Id.*)  The Court concludes that both of the Commissioner's arguments are without merit.

      First, the Commissioner has not carried its burden of persuading the Court that the Commissioner's denial of Thedford's claim for benefits was substantially justified. In fact, the Commissioner does not appear to seriously argue this point in its roughly two-page opposition brief. After raising the issue of substantial justification in its one paragraph "Preliminary

Statement," the Commissioner fails to address the subject again. (Opp'n Br. at 1-2.) [# 16] The Commissioner offers no specific argument as to why the Court should find the Commissioner's denial of Thedford's benefits substantially justified. (*Id.*) Therefore, the Commissioner has not carried its burden of persuasion on that point.

Second, the Commissioner argues that certain special circumstances present in this case militate denial of Thedford's fee request. (Opp'n Br.) [# 16] Specifically, the Commissioner claims that the grounds upon which the Court reversed and remanded the Commissioner's decision were raised by the Court *nostra sponte*. (Opp'n Br. at 2.) [# 16] That contention is not accurate. During the course of this litigation, Plaintiff's counsel submitted at least two substantial written arguments pursuant to Local Civil Rule 9.1. [# 10, 11]. In those submissions, Plaintiff's counsel argued that the Commissioner's denial of Thedford's benefits was erroneous for a variety of reasons. Among the arguments Thedford raised was the inadequacy of the hypothetical posed to the vocational expert by the ALJ – the grounds upon which this Court reversed the Commissioner's decision on December 19, 2008.

In sum, the Court concludes that the Commissioner's objections to the fee award requested by Thedford are without merit. Additionally, the Commissioner has not specifically challenged the reasonableness Thedford's fee calculations. (Opp'n Br.) [# 16] As such, the Commissioner has not met its burden of demonstrating that Thedford's fee request is unreasonable. Thedford's motion will therefore be granted.

### III.   CONCLUSION

For the foregoing reasons, the Court will GRANT Thedford's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). An appropriate form of order

accompanies this memorandum opinion.

Dated: March 23, 2009

                                                    /s/ Garrett E. Brown, Jr.
                                        GARRETT E. BROWN, JR., U.S.D.J.